IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HAROLD "TREY" RING § <br> § <br> Plaintiff, § <br> § <br> VS. § <br> § <br> DENTON COUNTY EMERGENCY § <br> SERVICES DISTRICT #1, also d/b/a/ § <br> ARGYLE FIRE DISTRICT, AS THE § <br> SUCCESSOR OF THE ARGYLE § <br> VOLUNTEER FIRE DEPARTMENT, § <br> also d/b/a ARGYLE FIRE DISTRICT, § <br> and TROY MAC HOHENBERGER, § <br> § <br> Defendants. | CIVIL ACTION NO. 4:21-CV-917-SDJ |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND

Defendants Denton County Emergency Services District #1 ("Denton County" and Troy Mac Hohenberger ("Hohenberger") (collectively "Defendants")[1] deny each and every factual assertion and legal allegation included in Plaintiff Harold "Trey" Ring's ("Plaintiff") Original Individual and Class action Complaint and Jury Demand ("Complaint"), except as may be specifically admitted below, and hereby files their Original Answer and Affirmative and Other Defenses to Plaintiff's Original Complaint ("Answer") as follows:

---

[1] Defendant Denton County was not the employer of Plaintiff, and thus is not a proper party to this lawsuit.

# I.
# ANSWER

## JURISDICTION AND VENUE

1.  Defendants are not required to admit or deny the allegations contained in Paragraph 1 to the extent they call for a legal conclusion and/or interpretation. Defendants admit that Plaintiff purports to bring suit under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, *et seq.* ("ERISA") and the Americans with Disabilities Act, 42 U.S.C. § 12101(1)(C) ("ADA"), that Plaintiff obtained a right to sue letter from the EEOC on September 15, 2021, and that Plaintiff filed the instant lawsuit on November 19, 2021. Defendants also admit that this Court possesses jurisdiction over the subject matter of this action. Defendants deny the remaining allegations contained in Paragraph 1.

2.  Defendants admit the allegations of Paragraph 2.

3.  Defendants admit that venue is appropriate in the Eastern District of Texas and that this matter is properly before the Sherman division. Defendants are not required to admit or deny the allegations contained in Paragraph 3 to the extent they call for a legal conclusion and/or interpretation. Defendants deny the remaining allegations contained in Paragraph 3.

# II.
# THE PARTIES

4.  Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 4 and therefore deny the same.

5.  Defendants deny the allegations contained in Paragraph 5.

6.  Defendants admit that Plaintiff sued Defendant Hohenberger in his individual capacity for purported violations of ERISA and that personal service upon his person is proper service. Defendants deny the remaining allegations contained in Paragraph 6.

## III.
## THE FACTUAL BACKGROUND OF THE ACTION

7. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 and therefore deny the same.

8. Defendants affirmatively state that Argyle Volunteer Fire District ("AVFD") is and remains a separate legal entity from Defendant Denton County. AVFD underwent a name change in approximately 2002 in which it renamed itself "Argyle Fire District." Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8 and therefore denies the same.

9. Chief Hohenberger began his fire career in approximately 1990 as a volunteer firefighter until approximately 1995. In approximately 1997 Chief Hohenberger began part-time work with AVFD and, thereafter, became Chief in 2000. Chief Hohenberger remained the Chief after AVFD changed its name to Argyle Fire District in 2002. Defendants deny the remaining allegations contained in Paragraph 9.

10. Defendants admit that Plaintiff was employed with AVFD beginning in 2017, that Plaintiff held part-time and full-time positions with AVFD, and that Plaintiff held a position of "Driver/Engineer.". Defendants deny the remaining allegations of Paragraph 10.

11. Defendants lack sufficient knowledge or information to admit or deny the allegations of Paragraph 11 and therefore deny the same.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants admit that Hohenberger was and remains and administrator of the 401k plan but deny the remaining allegations of Paragraph 15.

16. The AVFD 401k plan was formed in approximately 2000. Argyle Fire District's third-party administrator files Form 5500s each year on its behalf. Defendants affirmatively state that Argyle Fire District's 2020 401k Form 5500 speaks for itself and therefore no response is required. Chief Hohenberger admits he has been the Plan Administrator listed on Argyle Fire District's Form 5500 since at least 2010. Defendants deny the remaining allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants admit that AVFD was and is a not-for-profit entity, but deny the remaining allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants affirmatively state that Plaintiff's employment records speak for themselves and deny the remaining allegations contained in Paragraph 30.

31. Defendants admit that Ring's drug test returned a negative result. Defendants deny the remaining allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Defendants admit Chief Hohenberger spoke with Plaintiff on the day in question and that the Chief informed Plaintiff that he was being placed on administrative leave pending the outcome of the Roanoke Police Department's investigation of Plaintiff's alleged theft at Wal-Mart. Defendants deny the remaining allegations contained in Paragraph 35.

36. Defendants admit that Ring told Chief Hohenberger that he was trying to report his arrest to Captain Parker after Captain Parker notified Ring that the Chief was on the phone wishing to speak to him on the day in question. Defendants deny the remaining allegations contained in Paragraph 36.

37. Defendants admit that Chief Hohenberger went to Roanoke Police Department to watch the video of Plaintiff's alleged theft at Wal-Mart and that Chris Muscle was present as a representative of Plaintiff. Defendants admit that Chief Hohenberger offered Plaintiff an opportunity to resign or be terminated; Plaintiff refused to resign. Defendants deny the remaining allegations contained in Paragraph 37.

38. Defendants admit that Plaintiff was not provided with any recording of his alleged theft at Wal-Mart during his post-termination appeal meeting. Defendants deny the remaining allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants lack sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 41 and therefore deny the same. Defendants deny the remaining allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

## IV.
## CLASS ACTION ALLEGATIONS

46. Defendants admit that Plaintiff purports to bring claims pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure for the putative class identified in Paragraph 46 but deny that Plaintiff's claims are suitable for class treatment, and that Plaintiff would be a proper class representative. Defendants deny the remaining allegations contained in Paragraph 46.

47. Defendants admit that Plaintiff seeks class certification in this lawsuit but deny that such certification is appropriate. Defendants deny the remaining allegations contained in Paragraph 47.

48. Defendants admit that Plaintiff has excluded officers, directors and Board members of Argyle Fire District and their respective legal representatives, heirs, successors, and assigns from the purported class he seeks to represent, but deny that class certification is appropriate in this case. Defendants deny the remaining allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants affirmatively state that 401k Form 5500 speaks for itself. Defendants lack sufficient information or knowledge to admit or deny whether Plaintiff knows the identities, numbers and addresses of persons he purports to represent in this action and deny that class treatment is appropriate in this case. Defendants deny the remaining allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

## V.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (WRONGFUL TERMINATION OF RING IN VIOLATION OF ERISA)

61. Defendants restate and re-allege their responses to Paragraphs 1 through 60.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

### SECOND CLAIM FOR RELIEF
### (WRONGFUL TERMINATION OF RING IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT)

64. Defendants restate and re-allege their responses to Paragraphs 1 through 63.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

## THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF
### (CLASS ACTION REQUESTS FOR BREACH OF FIDUCIARY DUTY, AN ACCOUNTING, AND FOR AN INJUNCTION UNDER ERISA)

67. Defendants restate and re-allege their responses to Paragraphs 1 through 66.

68. Paragraph 68 contains legal conclusions and/or interpretations for which a response is not required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 68.

69. Defendants admit that Plaintiff purports to bring suit against Defendant Hohenberger on behalf of alleged similarly-situated persons, but deny that Hohenberger engaged in any wrongdoing, that Plaintiff or his purported class members have been harmed, and that class treatment is appropriate. Defendants deny the remaining allegations contained in Paragraph 69.

70. Defendants admit that Plaintiff purports to bring claims on behalf of himself and others for injunctive relief but deny both that Plaintiff's claims are suitable for class treatment and that injunctive relief is appropriate. Defendants deny the remaining allegations contained in Paragraph 70.

71. Defendants admit that Plaintiff purports to bring claims on behalf of himself and others and that he requests an accounting of the AVFD 401k plan or any successor plan, but deny both that Plaintiff's claims are suitable for class treatment and that an accounting is appropriate or needed. Defendants deny the remaining allegations contained in Paragraph 71.

72. Defendants admit that Plaintiff purports to bring claims on behalf of himself and others but deny the remaining allegations contained in Paragraph 72.

## VI.
## JURY DEMAND

73. Defendants admit that Plaintiff requests a jury trial on all issues but deny the remaining allegations contained in Paragraph 73.

## VII.
## PRAYER FOR RELIEF

74. Defendants deny Plaintiff is entitled to all or any portion of the damages and/or other relief he seeks in this lawsuit, including those specifically asserted in the unnumbered Complaint paragraph beginning with "Wherefore" and all subparts thereto. Defendants accordingly deny the remaining allegations contained in the unnumbered Complaint paragraph beginning with "Wherefore" and all subparts thereto.

75. Defendants deny each and every factual allegation in the Complaint not specifically or expressly admitted herein.

## VIII.
## AFFIRMATIVE AND OTHER DEFENSES

Defendants allege and assert the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses of law.  In addition to the affirmative and other defenses asserted below, Defendants specifically reserve all rights to amend this Answer to plead any other or additional defenses that are now available or may become apparent during, or as a result of, discovery or further investigation in this action.

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by his own actions, inactions, commissions, and/or omissions and/or principles of waiver, estoppel or laches, and/or unclean hands.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or applicable contractual period of limitations.

**FOURTH DEFENSE**

Plaintiff's claims for relief are barred to the extent the damages and/or relief he seeks exceeds that available under the statutes and/or legal theories under which he brings suit.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust administrative remedies.

**SIXTH DEFENSE**

Plaintiff has failed to mitigate his damages, if any, and his claims for lost wages should be denied or, in the alternative, reduced; Defendant is entitled to an offset for income, compensation and benefits Plaintiff received from other sources – including employers – that may have been paid on his behalf.

**SEVENTH DEFENSE**

Any damage, loss, or injury Plaintiff may have suffered was not caused by or attributable to Defendants.

**EIGHTH DEFENSE**

Plaintiff's claims and alleged damages are barred and/or limited, in whole or in part, by the

doctrine of after-acquired evidence.

## NINTH DEFENSE

Defendants at all times relevant hereto exercised reasonable care to prevent and/or identify any form of unlawful discrimination and/or retaliation; and if any unlawful discrimination and/or retaliation did exist, Defendants exercised reasonable care to promptly correct any form of unlawful discrimination and/or retaliation; and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants to avoid harm otherwise.

## TENTH DEFENSE

Any and all actions of Defendants were undertaken for legitimate non-discriminatory and non-retaliatory business purposes, completely unrelated to Plaintiff's purported disability and/or the exercise of his protected rights, and without unlawful purpose or motive.

## ELEVENTH DEFENSE

Defendants deny any involvement in any unlawful actions, retaliation, or discrimination towards Plaintiff, but in any event, regardless of any action or inaction by Defendants, the actions and decisions affecting Plaintiff would have been the same.

## TWELFTH DEFENSE

Defendants did not act with malice, ill will, or in reckless disregard for Plaintiff's rights with respect to any actions affecting Plaintiff and, with respect to any such actions, Defendants acted in conformity with applicable law and in good faith.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendants are liable and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

## FOURTEENTH DEFENSE

Defendants have neither acted nor failed to act in a manner entitling Plaintiff to punitive damages. Further, an award of punitive or exemplary damages against Defendants in this case would violate their constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and would violate Defendants' equal protection rights under the United States Constitution, common law, public policies, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a) Lack of objective, clear standards specifically determining the appropriateness or amount of such award;

(b) Failure specifically to exclude invidious discriminatory factors as the basis of such award;

(c) Impermissibly vague or arbitrary standards;

(d) Impermissible multiple punishment of the same wrong; and/or

(e) Lack of reasonable limitations of such award.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendants reasonably accommodated Plaintiff to the extent required by law and/or Plaintiff failed to request a reasonable accommodation and/or initiate or participate in a meaningful exchange of ideas reading the availability of particular reasonable accommodations.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in his Complaint because Defendants, at all times, made good faith efforts to comply with the Americans with Disabilities

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S
ORIGINAL INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND – Page 12
WSACTIVELLP:12799861.1

Act and all other applicable anti-discrimination laws.

## SEVENTEENTH DEFENSE

Plaintiff's claims may be barred by any or all of the defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said defenses not specifically set out above cannot be determined until Defendants have had an opportunity to complete discovery. Defendants, therefore, incorporate all such defenses as if fully set forth herein.

## EIGHTEENTH DEFENSE

Plaintiff's request for jury trial is barred as to those claims for which no jury trial is available, such as equitable claims under ERISA, and claims for front pay/reinstatement or injunctive relief.

## NINETEENTH DEFENSE

Plaintiff's request for attorneys' fees and costs is discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

## TWENTIETH DEFENSE

Defendant Denton County has never been the employer of Plaintiff. As Defendant Denton County, the entity named in the caption, was not Plaintiff's employer, it is not liable for any of the claims asserted by Plaintiff in this lawsuit, is not properly named, and is not a proper party. Nor has Defendant Denton County ever assumed a "d/b/a" as stated in the caption for this case.

**TWENTY-FIRST DEFENSE**

To the extent the 401k plan under which Plaintiff seeks payment constitutes an ERISA plan, Plaintiff's remedies, if any, are limited to those provided under ERISA. Some or all of Plaintiff's requested relief may be pre-empted by ERISA.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are barred by the terms of the 401k plan, any applicable summary plan description, and ERISA, including 29 U.S.C. §1132(c).

**TWENTY-THIRD DEFENSE**

Plaintiff's claims for extra-contractual damages are not supported by the terms of the 401k plan or ERISA. Alternatively, Plaintiff suffered no damages, injury or harm and is not entitled to any damages.

**TWENTY-FORTH DEFENSE**

Some or all of Plaintiff's claims are barred because Defendant Hohenberger acted in accordance with his fiduciary duties under ERISA and his decisions and actions were legally correct and not arbitrary and capricious.

**TWENTY-FIFTH DEFENSE**

Plaintiff's claims are not predicated on the terms of the 401k plan.  That plan is governed by its terms and ERISA.  Furthermore, the committee and/or the plan administrator is entitled to deference under *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101 (1989).

**TWENTY-SIXTH DEFENSE**

Plaintiff's claims are barred because the tasks of calculating contributions, benefits, preparation of benefit statements and of other necessary tasks related to the 401k Plan were properly delegated to a third-party administrator pursuant to law and terms of the Plan.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred because Defendant Hohenberger did not breach any fiduciary duty or duty to monitor under ERISA, and acted in good faith with care, skill and prudence under a reasonable standard of care.

**TWENTY-EIGHTH DEFENSE**

Plaintiff has received, at minimum, all benefits to which he is entitled under the 401k plan.

**TWENTY-NINTH DEFENSE**

Plaintiff's claim for benefits is subject to the terms of the plan, including any adjustments, restrictions, limitations or offsets.

**THIRTIETH DEFENSE**

Plaintiff's claims for damages seek relief not provided for or allowed under ERISA.

**THIRTY-FIRST DEFENSE**

Plaintiff is not entitled to a jury trial on some of his claims.

**THIRTY-SECOND DEFENSE**

Plaintiff's claims against Hohenberger are barred by his entitlement to qualified immunity, and under Texas law to official immunity.

**THIRTY-THIRD DEFENSE**

Plaintiff's claims against Denton County, including seeking an injunction and an order for an accounting, are barred by sovereign immunity and/or on the basis that Denton County is not and has never been a plan administrator or sponsor of the AVFD 401k plan.

## IX.
## CONCLUSION AND PRAYER

WHEREFORE, Defendants pray their Original Answer and Affirmative and Other Defenses be deemed good and sufficient, and after due proceedings, judgment be entered in favor of them and against Plaintiff, dismissing all of Plaintiff's asserted claims *with prejudice*, with attorneys' fees and costs assessed against Plaintiff; and that Defendants be awarded such other and further relief, at law or in equity, which the Court deems just and proper.

Respectfully submitted,

By: */s/ Lawrence J. McNamara*
Lawrence J. McNamara
Texas Bar No. 13817500
lmcnamara@fordharrison.com
Nicole T. Herron
Texas Bar No. 24101907
nherron@fordharrison.com

**FORD HARRISON LLP**
1601 Elm Street, Suite 4450
Dallas, Texas 75201
Telephone: (214) 256-4700
Facsimile: (214) 256-4701

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January 2022, I caused a true and correct copy of the above and foregoing ***Defendants' Original Answer and Affirmative and Other Defenses to Plaintiff's Original Complaint*** to be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record.

*/s/ Lawrence McNamara*
Lawrence J. McNamara