IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HAROLD "TREY" RING §<br>§<br>Plaintiff, §<br>§<br>VS. §<br>§<br>§<br>ARGYLE VOLUNTEER FIRE §<br>DEPARTMENT (AVFD) d/b/a ARGYLE §<br>FIRE DISTRICT, DENTON COUNTY §<br>EMERGENCY SERVICES DISTRICT §<br>#1, also d/b/a/ ARGYLE FIRE §<br>DISTRICT, AS THE SUCCESSOR OF §<br>THE ARGYLE VOLUNTEER FIRE §<br>DEPARTMENT, also d/b/a ARGYLE §<br>FIRE DISTRICT, and TROY MAC §<br>HOHENBERGER, §<br>§<br>Defendant. | CIVIL ACTION NO. 4:21-CV-917-SDJ |

### DEFENDANT ARGYLE VOLUNTEER FIRE DEPARTMENT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT AND JURY DEMAND

Defendant Argyle Volunteer Fire Department ("AVFD")[1] denies each and every factual assertion and legal allegation included in Plaintiff Harold "Trey" Ring's ("Plaintiff") First Amended Individual and Class Action Complaint and Jury Demand ("Complaint" or "Amended Complaint"), except as may be specifically admitted below, and hereby files its Answer[2] and Affirmative and Other Defenses to Plaintiff's First Amended Complaint ("Answer") as follows:

---

[1] Defendant AVFD files this Answer subject to, and without prejudice to, its Rule 12 Motion to Dismiss also on file with the Court in this action.

[2] The proper name for Defendant AVFD is Argyle Fire District, as it changed its name in 2002.

---

# I.
# ANSWER

## JURISDICTION AND VENUE

1. Defendant is not required to admit or deny the allegations contained in Paragraph 1 to the extent they call for a legal conclusion and/or interpretation. Defendant admits that Plaintiff purports to bring suit under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1001, *et seq.* ("ERISA") and the Americans with Disabilities Act, 42 U.S.C. § 12101(1)(C) ("ADA"), that Plaintiff obtained a right to sue letter from the EEOC on September 15, 2021, and that Plaintiff originally filed the instant lawsuit on November 19, 2021. Defendant also admits that this Court possesses jurisdiction over the subject matter of this action. Defendant denies the remaining allegations contained in Paragraph 1, and further specifically denies this lawsuit was timely filed against AVFD.

2. Defendant admits that venue is appropriate in the Eastern District of Texas and that this matter is properly brought in the Sherman Division. Defendant is not required to admit or deny the allegations contained in Paragraph 2 to the extent they call for a legal conclusion and/or interpretation. Defendant denies the remaining allegations contained in Paragraph 2.

3. Defendant admits the allegations of Paragraph 3 of the Amended Complaint.

# II.
# THE PARTIES

4. Defendant denies that its proper name is Argyle Volunteer Fire Department, but otherwise admits the allegations contained in the first two sentences of Paragraph 4. Defendant denies the remaining allegations of that Paragraph, but admits that there has been no merger with the Denton County Emergency Service District #1 ("DCESD"), for which the AVFD remains a contractor.

5. Defendant denies the allegations contained in Paragraph 5.

6. Defendant admits that Plaintiff sued Defendant Hohenberger in his individual capacity for purported violations of ERISA and that he has previously appeared and answered. Defendant denies the remaining allegations contained in Paragraph 6.

## III.
## THE FACTUAL BACKGROUND OF THE ACTION

7. Defendant denies any merger with DCESD has occurred, but otherwise lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 and therefore denies the same.

8. Defendant affirmatively states that Argyle Volunteer Fire District ("AVFD") is and remains a separate legal entity from Defendant DCESD, and denies any merger has occurred. AVFD underwent a name change in approximately 2002 in which it renamed itself "Argyle Fire District." Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 8 and therefore denies the same.

9. Chief Hohenberger began his fire career in approximately 1990 as a volunteer firefighter until approximately 1995. In approximately 1997, Chief Hohenberger began part-time work with AVFD and, thereafter, became Chief in 2000. Chief Hohenberger remained the Chief after AVFD changed its name to Argyle Fire District in 2002. Defendant denies the remaining allegations contained in Paragraph 9.

10. Defendant admits that Plaintiff was employed with AVFD beginning in 2017, that Plaintiff held part-time and full-time positions with AVFD, and that Plaintiff held a position of "Driver/Engineer". Defendant denies the remaining allegations of Paragraph 10.

11. Defendant denies that Plaintiff was specially recognized, and otherwise lacks sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 11, and therefore denies the same.

12. Defendant denies the allegations contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admit that Hohenberger was and remains and administrator of the 401k plan but deny the remaining allegations of Paragraph 15.

16. The AVFD 401k plan was formed in approximately 2000. Argyle Fire District's third-party administrator files Form 5500s each year on its behalf. Defendant affirmatively states that Argyle Fire District's 2020 401k Form 5500 speaks for itself, and therefore no response is required. Chief Hohenberger admits he has been the Plan Administrator listed on Argyle Fire District's Form 5500 since at least 2010. Defendant denies the remaining allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. AVFD was and remains a non-profit entity, but denies the remaining allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant affirmatively states that Plaintiff's employment and other records speak for themselves and denies the remaining allegations contained in Paragraph 30.

31. Defendant admits that Ring's drug test returned a negative result. Defendant denies the remaining allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

33. Defendant denies the allegations contained in Paragraph 33, but admits that Plaintiff was detained by the Roanoke Police Department for shoplifting, and ticketed.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant admits Chief Hohenberger spoke with Plaintiff on the day in question, and that the Chief informed Plaintiff that he was being placed on administrative leave pending the outcome of the Roanoke Police Department's investigation of Plaintiff's alleged theft at Wal-Mart. Defendant denies the remaining allegations contained in Paragraph 35.

36. Defendant admits that Ring later told Chief Hohenberger that he was purportedly trying to report his arrest to Captain Parker after Captain Parker notified Ring that the Chief was on the phone wanting to speak to him on the day in question. Defendant denies the remaining allegations contained in Paragraph 36.

37. Defendant admits that Chief Hohenberger went to the Roanoke Police Department to watch the video of Plaintiff's alleged theft at Wal-Mart, and that Chris Muscle was also present

as a representative of Plaintiff. Defendant admits that Chief Hohenberger, after watching the video, offered Plaintiff an opportunity to resign in lieu of being terminated; Plaintiff refused to resign. Defendant denies the remaining allegations contained in Paragraph 37.

38. Defendant admits that Plaintiff was not provided by Defendant with any recording of his alleged theft at Wal-Mart during his post-termination appeal meeting. Defendant denies the remaining allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in the first sentence of Paragraph 41 and therefore deny the same. Defendant denies the remaining allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

## IV.
## CLASS ACTION ALLEGATIONS

46. Defendant admits that Plaintiff purports to bring claims pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure for the putative class identified in Paragraph 46 but denies that Plaintiff's claims are suitable for class treatment, and that Plaintiff would be a proper class representative. Defendant denies the remaining allegations contained in Paragraph 46.

47. Defendant admits that Plaintiff seeks class certification in this lawsuit, but denies that such certification is appropriate. Defendant denies the remaining allegations contained in Paragraph 47.

48. Defendant admits that Plaintiff has excluded officers, directors and Board members of Argyle Fire District and their respective legal representatives, heirs, successors, and assigns from the purported class he seeks to represent, but denies that class certification is appropriate in this case. Defendant denies the remaining allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant affirmatively states that 401k Form 5500 speaks for itself. Defendant lacks sufficient information or knowledge to admit or deny whether Plaintiff knows the identities, numbers and addresses of persons he purports to represent in this action, and denies that class treatment is appropriate in this case. Defendant denies the remaining allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

## V.
## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (WRONGFUL TERMINATION OF RING IN VIOLATION OF ERISA)

61. Defendant restates and re-alleges its responses to Paragraphs 1 through 60.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

### SECOND CLAIM FOR RELIEF
### (WRONGFUL TERMINATION OF RING IN VIOLATION OF
### THE AMERICANS WITH DISABILITIES ACT)

64. Defendant restates and re-alleges its responses to Paragraphs 1 through 63.

65. Defendant denies the allegations of Paragraph 65.

66. Defendant denies the allegations of Paragraph 66.

### THIRD, FOURTH, AND FIFTH CLAIMS FOR RELIEF
### (CLASS ACTION REQUESTS FOR BREACH OF FIDUCIARY DUTY, AN
### ACCOUNTING, AND FOR AN INJUNCTION UNDER ERISA)

67. Defendant restates and re-alleges its responses to Paragraphs 1 through 66.

68. Paragraph 68 contains legal conclusions and/or interpretations for which a response is not required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 68.

69. Defendant admits that Plaintiff purports to bring suit against Defendant Hohenberger on behalf of alleged similarly-situated persons, but denies that Hohenberger engaged in any wrongdoing, that Plaintiff or his purported class members have been harmed, and that class treatment is appropriate. Defendant denies the remaining allegations contained in Paragraph 69.

70. Defendant admits that Plaintiff purports to bring claims on behalf of himself and others for injunctive relief but denies both that Plaintiff's claims are suitable for class treatment

and that injunctive relief is appropriate. Defendant denies the remaining allegations contained in Paragraph 70.

71. Defendant admits that Plaintiff purports to bring claims on behalf of himself and others, and that he requests an accounting of the AVFD 401k plan or any successor plan, but denies both that Plaintiff's claims are suitable for class treatment and that an accounting is appropriate or needed. Defendant denies the remaining allegations contained in Paragraph 71.

72. Defendant admits that Plaintiff seeks to bring claims on behalf of himself and others but denies the remaining allegations contained in Paragraph 72.

## VI.
## JURY DEMAND

73. Defendant admits that Plaintiff requests a jury trial on all issues but denies the remaining allegations contained in Paragraph 73.

## VII.
## PRAYER FOR RELIEF

74. Defendant denies Plaintiff is entitled to all or any portion of the damages and/or other relief he seeks in this lawsuit, including those specifically asserted in the unnumbered Complaint paragraph beginning with "Wherefore" and all subparts thereto. Defendant accordingly denies the remaining allegations contained in the unnumbered Complaint paragraph beginning with "Wherefore" and all subparts thereto of Plaintiff's Prayer.

75. Defendant denies each and every factual allegation in the Complaint not specifically or expressly admitted herein.

## VIII.
## AFFIRMATIVE AND OTHER DEFENSES

Defendant alleges and asserts the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses of law. In addition to the affirmative and other

defenses asserted below, Defendant specifically reserves all rights it may have to amend this Answer to plead any other or additional defenses that are now available or may become apparent during, or as result of, discovery or further investigation in this action.

### FIRST DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by his own actions, inactions, commissions, and/or omissions and/or principles of waiver, estoppel or laches, and/or unclean hands.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or applicable contractual period of limitations, and in particular under the provisions of the ADA.

### FOURTH DEFENSE

Plaintiff's claims for relief are barred to the extent the damages and/or relief he seeks exceeds that available under the statutes and/or legal theories under which he brings suit.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to timely and fully exhaust administrative remedies.

### SIXTH DEFENSE

Plaintiff has failed to mitigate his damages, if any, and his claims for lost wages should be denied or, in the alternative, reduced. Defendant is entitled to an offset for income, compensation

and benefits Plaintiff received from other sources – including employers – that may have been paid on his behalf.

## SEVENTH DEFENSE

Any damage, loss, or injury Plaintiff may have suffered was not proximately caused by or attributable to Defendant.

## EIGHTH DEFENSE

Plaintiff's claims and alleged damages are barred and/or limited, in whole or in part, by the doctrine of after-acquired evidence.

## NINTH DEFENSE

Defendant at all times relevant hereto exercised reasonable care to prevent and/or identify any form of unlawful discrimination and/or retaliation; and if any unlawful discrimination and/or retaliation did exist, Defendant exercised reasonable care to promptly correct any form of unlawful discrimination and/or retaliation; and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid harm otherwise.

## TENTH DEFENSE

Any and all actions of Defendant were undertaken for legitimate non-discriminatory and non-retaliatory business purposes, completely unrelated to any possible or alleged disability, and/or any exercise of his protected rights, and without unlawful purpose or motive.

## ELEVENTH DEFENSE

Defendant denies any involvement in any unlawful actions, retaliation, or discrimination towards Plaintiff, but in any event, regardless of any action or inaction by Defendant, the actions and decisions affecting Plaintiff would have been the same.

## TWELFTH DEFENSE

Defendant did not act with malice, ill will, or in reckless disregard for Plaintiff's rights with respect to any actions affecting Plaintiff and, with respect to any such actions, Defendant acted in conformity with applicable law and in good faith.

## THIRTEENTH DEFENSE

Plaintiff's alleged damages, if any, are too speculative to permit recovery; in the alternative, if Defendant is found to be liable in some manner and damages are awarded, all maximum statutory caps must be applied to Plaintiff's claims by the Court.

## FOURTEENTH DEFENSE

Defendant has neither acted nor failed to act in a manner entitling Plaintiff to punitive damages.  Further, an award of punitive or exemplary damages  against  Defendant in this case would violate its constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and would violate Defendant's equal protection rights under the United States Constitution, common law, public policies, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a) Lack of objective, clear standards specifically determining the appropriateness or amount of such award;

(b) Failure specifically to exclude invidious discriminatory factors as the basis of such award;

(c) Impermissibly vague or arbitrary standards;

(d) Impermissible multiple punishment of the same wrong; and/or

(e) Lack of reasonable limitations of such award.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to some or all of the relief requested in his Complaint because Defendant, at all times, made good faith efforts to comply with the Americans with Disabilities Act and all other applicable anti-discrimination laws.

**SIXTEENTH DEFENSE**

Plaintiff's claims may be barred by any or all of the defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said defenses not specifically set out above cannot be determined until Defendant has had an opportunity to complete discovery. Defendant, therefore, incorporates all such defenses as if fully set forth herein.

**SEVENTEENTH DEFENSE**

Plaintiff's request for jury trial is barred as to those claims for which no jury trial is available, such as equitable claims under ERISA, and claims for front pay/reinstatement or injunctive relief.

**EIGHTEENTH DEFENSE**

Plaintiff's request for attorneys' fees and costs is discretionary before this Court, and therefore, any amount awarded must be limited by the requirement, including, but not limited to, that Plaintiff be successful on the merits and that fees and costs awarded be reasonable and necessary.

**NINETEENTH DEFENSE**

Plaintiff's claims are barred by the terms of the 401k plan, any applicable summary plan description, and ERISA, including 29 U.S.C. §1132(c).

**TWENTIETH DEFENSE**

Plaintiff's claims for extra-contractual damages are not supported by the terms of the 401k plan or ERISA. Alternatively, Plaintiff suffered no damages, injury or harm and is not entitled to any damages.

**TWENTY-FIRST DEFENSE**

Some or all of Plaintiff's claims are barred because Defendant Hohenberger acted in accordance with his fiduciary duties under ERISA and his decisions and actions were legally correct and not arbitrary and capricious.

**TWENTY-SECOND DEFENSE**

Plaintiff's claims are not predicated on the terms of the 401k plan.  That plan is governed by its terms and ERISA.  Furthermore, the committee and/or the plan administrator are entitled to deference under *Firestone Tire & Rubber Co. v. Brunch*, 489 U.S. 101 (1989).

**TWENTY-THIRD DEFENSE**

Plaintiff's claims are barred because the tasks of calculating contributions, benefits, preparation of benefit statements and of other necessary tasks related to the 401k Plan were properly delegated pursuant to law and terms of the Plan.

**TWENTY-FORTH DEFENSE**

Plaintiff's claims are barred because Defendant Hohenberger did not breach any fiduciary duty or duty to monitor under ERISA, and acted in good faith with care, skill and prudence under a reasonable standard of care.

**TWENTY-FIFTH DEFENSE**

Plaintiff has received, at minimum, all benefits to which he was entitled under the 401k plan.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim for benefits is subject to the terms of the plan, including any adjustments, restrictions, limitations or offsets.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for damages seek relief not provided for or allowed under ERISA.

## TWENTY-EIGHTH DEFENSE

Plaintiff is not entitled to a jury trial on some of his claims.

## TWENTY-NINTH DEFENSE

Plaintiff's claims against Hohenberger are barred by his entitlement to qualified immunity, and under Texas law to official immunity.

## IX.
## CONCLUSION AND PRAYER

WHEREFORE, Defendant prays this Answer and Affirmative and Other Defenses be deemed good and sufficient, and after due proceedings, judgment be entered in its favor and against Plaintiff, dismissing all of Plaintiff's asserted claims *with prejudice*, with attorneys' fees and costs assessed against Plaintiff; and that Defendant be awarded such other and further relief, at law or in equity, which the Court deems just and proper.

        Respectfully submitted,

        By: */s/ Lawrence J. McNamara*
           Lawrence J. McNamara
           Texas Bar No. 13817500
           lmcnamara@fordharrison.com

        **FORD HARRISON LLP**
        1601 Elm Street, Suite 4450
        Dallas, Texas 75201
        Telephone:  (214) 256-4700
        Facsimile:  (214) 256-4701

        **ATTORNEYS FOR DEFENDANT**
        **ARGYLE VOLUNTEER FIRE DEPARTMENT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2022, I caused a true and correct copy of the above and foregoing ***Defendant's Answer and Affirmative and Other Defenses to Plaintiff's First Amended Individual and Class Action Complaint and Jury Demand*** to be filed with the Clerk of Court, using the CM/ECF system that will send notification of such filing to all counsel of record.

        */s/ Lawrence McNamara*
        Lawrence J. McNamara

WSACTIVELLP:13111693.1