UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HAROLD "TREY" RING | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-917-SDJ |
| | § | |
| DENTON COUNTY EMERGENCY | § | |
| SERVICES DISTRICT #1, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Harold "Trey" Ring's Motion for Leave to File Second Amended Individual and Class Action Complaint and Jury Demand. (Dkt. #15). Defendants filed briefs in opposition to Ring's motion. (Dkt. #17, #21). Also pending is Defendant Argyle Volunteer Fire District's Rule 12 Motion to Partially Dismiss Plaintiff's First Amended Complaint. (Dkt. #20).

Having considered the motions, the Court concludes that Ring's Motion for Leave, (Dkt. #15), should be **GRANTED**. Further, because the Second Amended Complaint supersedes the First Amended Complaint, Argyle Volunteer Fire District's Motion to Partially Dismiss, (Dkt. #20), is **DENIED** as moot.

### I. BACKGROUND

Plaintiff Ring brings this action for alleged violations of the Employee Retirement Income Security Act ("ERISA") and the Americans with Disabilities Act ("ADA"). Pursuant to the administrative exhaustion requirement of the ADA, Ring filed a Charge of Discrimination with the EEOC on December 10, 2020, against both Argyle Volunteer Fire District ("AVFD") and Denton County Emergency Services District No. 1 ("DCES"). (Dkt. #17-1 at 8). On September 15, 2021, Ring received a

Notice of Right to Sue from the EEOC, which began a ninety-day window within which he was required to file suit. *See* 42 U.S.C. § 2000e-5(f)(1). On November 19, 2021—within the ninety-day window—Ring sued DCES and then-Chief Troy Mac Hohenberger, but not AVFD.

After the window had closed, something caused Ring to realize that he should have sued AVFD. Ring added AVFD as a party on April 6, 2022, and moved for leave to amend his complaint on April 13, 2022.[1] AVFD then moved to dismiss Ring's ADA claims against it for failure to sue within the ninety-day window.

Ring seeks to add facts that allegedly support equitable tolling of his late claims. Specifically, Ring alleges in his proposed Second Amended Complaint that he believed that AVFD had been merged into DCES at the time of suit, such that any claims he had against AVFD could be brought against DCES. Ring held this belief even though he was told—both before and after he brought suit—that DCES and AVFD were different entities. Nonetheless, he now alleges facts that demonstrate that "Defendants were holding themselves out as merged" and that Defendants induced him to only sue DCES and not AVFD (Dkt. #23 at 6). Based on these facts, Ring asserts that his claims against AVFD should be equitably tolled.

## II. ANALYSIS

As Ring admits, he added AVFD as a party well after the ninety-day right-to-sue window had ended. (Dkt. #15 at 4). Thus, based on the current pleadings, it

---

[1] Per the Preliminary Scheduling Order issued by the Court, the deadline for Ring to add parties was April 6, 2022, and the deadline for Ring to file amended pleadings was April 13, 2022. Thus, Ring has complied with the Scheduling Order.

appears that Ring's claims against AVFD should be dismissed for failure to timely bring his claims. However, Ring avers that his delay should be excused under the doctrine of equitable tolling, and he seeks to add facts in an amended complaint that would support that argument. (Dkt. #15 at 4–5). But in order to file his Second Amended Complaint, he must obtain leave from the Court. FED. R. CIV. P. 15(a)(2).

Because Ring moved for leave within the time period prescribed by the Court's scheduling order for amending a complaint, the standard the Court uses to evaluate whether to allow amendment is the liberal standard of Federal Rule of Civil Procedure 15(a)(2), which states that "court[s] should freely give leave when justice so requires." While leave to amend is "not automatic," a court needs "a substantial reason" to deny such a request. *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (quotation omitted). Under Rule 15(a)(2), the Court considers factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466–67 (5th Cir. 2012) (quotation omitted).

Defendants argue that Ring's motion should be denied because it "lacks good cause" and it seeks to add a "futile" equitable tolling assertion. (Dkt. #17 at 5). As to the first argument, "good cause" is not a requirement under Rule 15(a)(2), but rather under Rule 16(b). *See Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) ("As to post-deadline amendment, a party must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the

3

district court's denial of leave to amend." (quotation omitted)). Since Rule 15(a)(2) applies here, Ring need not meet Rule 16(b)'s higher standards.

As to the futility argument, the Court is not persuaded that Ring's equitable tolling assertion is futile. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014); *see Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009) ("While there is a strong presumption in favor of granting leave to amend, a district court may refuse leave to amend if the complaint as amended would be subject to dismissal."). Thus, the Court will analyze Ring's equitable tolling assertion under the Rule 12(b)(6) standard. *See Marucci Sports*, 751 F.3d at 378.

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plausibility means "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The facts pleaded are entitled to a presumption of truth, but legal conclusions that lack factual support are not entitled to the same presumption. *Id.* The Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

At this stage, Ring must only show that his proposed equitable tolling pleading is plausible. *Twombly*, 550 U.S. at 570. Although equitable tolling is available for

4

ADA claims, it should be applied "sparingly." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quotation omitted). The Fifth Circuit has identified three bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003).

Ring solely relies on the second basis. This justification applies when the "employer's *affirmative acts* mislead the employee and induce him not to act within the limitations period." *Id.* Here, Ring argues that Defendants' conduct induced him to believe that DCES and AVFD had merged by the time he filed suit, and for that reason he failed to sue AVFD within the ninety-day window. Ring's proposed Second Amended Complaint identifies several indicators that led him to this conclusion. For example, Ring alleges that "all visual references to AVFD as a separate entity have been removed as the stations, the employees' uniforms, the trucks, and the station house all bear the names and logos of [DCES] and not of AVFD." (Dkt. #16 ¶ 5). He further alleges that "employee checks are printed in the name of [DCES], and all employee termination and discipline decisions are appealed to the Board of [DCES]." (Dkt. #16 ¶ 5). He also alleges that then-Chief Hohenberger stated in an interview that the merger was scheduled to occur in October of 2020—prior to the commencement of this action. (Dkt. #16 ¶ 9). Based on these allegations—and others—Ring asserts that, when he filed suit, he "reasonably believed that the AVFD

5

no longer existed as a separate entity, had been merged into Defendant [DCES], and that any litigation against AVFD should be filed against Defendant [DCES], as successor in interest." (Dkt. #16 ¶ 11).

Defendants argue that, despite these new allegations, "equitable tolling is not available" given that Ring had been told, both before and after he filed suit, that AVFD and DCES were separate entities.[2] (Dkt. #17 at 2–5). Defendants may be correct that Ring's claims should not be equitably tolled, but that is not the question here. At this stage, Ring is only required to plausibly allege equitable tolling. *Twombly*, 550 U.S. at 570. Based on the allegations in the proposed Second Amended Complaint—which the Court must accept as true—it appears that Defendants' conduct may have induced Ring to not sue AVFD within the limitations period. Therefore, the Court finds that Ring's equitable tolling assertion survives Rule 12(b)(6)'s standards. Thus, Ring's amendments are not futile.

Defendants do not argue that any other factor disfavors permitting Ring to file his Second Amended Complaint. Nor is the Court aware of any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party." *In re*

---

[2] Defendants argue that Ring should have known that AVFD and DCES had not merged because a DCES attorney informed Ring that DCES "is a separate and distinct entity from AVFD" more than a year before Ring filed suit. (Dkt. #17 at 2). However, this point does not establish that Ring was aware that the entities were separate when he filed suit. According to Ring, subsequent conduct by Defendants led him to believe that the merger had occurred.

Defendants also assert that DCES's Answer explicitly stated that the entities were distinct. However, the Answer was filed on January 18, 2022—after the ninety-day limitations period had ended. Thus, the Answer cannot be used to establish that Ring should have known that the entities were separate when he filed suit.

*Am. Int'l Refinery*, 676 F.3d at 466–67 (quotation omitted). Since the Court has no "substantial reason" to deny Ring's motion for leave, the motion should be granted. *See N. Cypress*, 898 F.3d at 477.

### III. CONCLUSION

It is therefore **ORDERED** that Ring's Motion for Leave to File Second Amended Individual and Class Action Complaint and Jury Demand, (Dkt. #15), is **GRANTED**. Ring's Second Amended Complaint, (Dkt. #16), is deemed properly filed.

It is further **ORDERED** that Defendant AVFD's Rule 12 Motion to Partially Dismiss Plaintiff's First Amended Complaint, (Dkt. #20), is **DENIED** as moot.

**So ORDERED and SIGNED this 27th day of September, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE